**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

AARON LICTENSTEIN,

                      Plaintiff,

- against -

THE CITY OF NEW YORK, PO DANIEL MILLER (Shield No. 24559), PO MICHAEL ROMEO (shield No. 4615), SGT. WALY SAIF (Shield No. 3744), PO SHELDON MAXWELL (Shield No. 23090), PO JOSEPH DESENA (Shield No. 31330), PO PAUL GALLO (Shield No. 24413), PO TZU CHEUNG (Shield No. 2790), SGT. PAWEL MASLINSKI (Shield No. 1708)
                      Defendants.

19-CV-00179 (ARR) (RER)

**AMENDED COMPLAINT**

**ECF**

**JURY TRIAL DEMANDED**

Plaintiff, Aaron Lictenstein, by his attorney, Craig Stuart Lanza alleges the following, upon information and belief for this Complaint:

Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I, Section 6, 11 and 12 of the Constitution of the State of New York and the common law of the of the State of New York for violations of his civil rights by defendants as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is property in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practice are maintained in this District.

## JURY TRIAL DEMANDED

5. Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a citizen of the United States and at all times a resident of the State of New York.

7. That at all times hereinafter mentioned the Municipal Defendant, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules regulation, laws, statutes, customs, usages and/or practices of the State and/or City of New York.

8. At all times hereinafter mentioned, the individually named defendants, PO DANIEL MILLER (Shield No. 24559), PO MICHAEL ROMEO (shield No. 4615), SGT. WALY SAIF (Shield No. 3744), PO SHELDON MAXWELL (Shield No. 23090), PO JOSEPH DESENA (Shield No. 31330), PO PAUL GALLO (Shield No.

24413), PO TZU CHEUNG (Shield No. 2790), SGT. PAWEL MASLINSKI (Shield No. 1708), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

9. All Officers and Sergeants mentioned were involved in, and worked together to effectuate, the unlawful arrest of Plaintiff.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

STATEMENT OF FACTS

12. On January 10, 2018, at approximately 3pm, Plaintiff was in his apartment located at 2321 East 26th Street, Apartment 2, Brooklyn, New York.

13. Prior to that BP Hatzlucha Management Corp. ("BP") commenced an action in Civil Court Kings County under Index 57318 alleging they are the owners of 2321 East 26th Street, Brooklyn, NY for a judgment of eviction. The Civil Court issued a warrant of eviction based on BP's representations as owner.

14. Plaintiff commenced an action in Supreme Court Kings County under Index 1237/2017 to stay the eviction based on BP's fraudulent conduct.

15. On Friday, January 5, 2018, Honorable Bernard Grahm issued an Order with restraining notice based on Plaintiff's emergency application which stayed the execution of the warrant of eviction issued in the civil action but required Plaintiff to post $6,000 in escrow.

16. Plaintiff is Jewish and observes the Sabbath and was not able to speak to Plaintiff's attorney until the following Monday, January 8, 2018 and obtained funds and deposited the money with Plaintiff's attorney on January 9, 2018.

17. On January 10, 2018, based on this Order Plaintiff returned to the subject apartment only to find out that he had been evicted despite the Order.

18. Remarkably, the Police arrived.

19. Specifically, Defendants P.O. Miller, P.O. Michael Romeo, Sgt. Waly Saif, P.O. Sheldon Maxwell, P.O. Joseph Desena, and P.O. Gallo arrived.

20. Plaintiff presented the Order to the police officers to demonstrate Plaintiff was legally allowed to return to Plaintiff's apartment.

21. Amazingly, despite being presented with the order, the Police disregarded the Order from the Court and arrested Plaintiff.

22. The arresting officer was P.O. Tzu Cheung and this arrest was improperly approved by Sgt. Pawel Maslinski.

23. Plaintiff was put in handcuffs and was held in jail overnight forcing Plaintiff to miss work.

24. Subsequently Plaintiff had to return to Court three times for hearing on the arrest only for the Kings County District Attorney's Office to finally review the documentation provided at the time of the arrest and dismiss the matter.

## FIRST CLAIM FOR RELIEF DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

SECOND CLAIM FOR RELIEF FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

THIRD CLAIM FOR RELIEF MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants misrepresented and falsified evidence before the District Attorney.

36. Defendants did not make a complete and full statement of facts to the District Attorney.

37. Defendants withheld exculpatory evidence from the District Attorney.

38. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

39. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

40. Defendants acted with malice in initiating criminal proceedings against plaintiff.

41. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

42. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

43. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

44. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

45. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

FOURTH CLAIM FOR RELIEF MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants issued legal process to place plaintiff under arrest.

49. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. Defendants acted with intent to do harm to plaintiff without excuse or justification.

51. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

FIFTH CLAIM FOR RELIEF DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as if the same were more fully set forth at length herein.

53. Defendant created false evidence against plaintiff.

54. Defendant forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

55. In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

SIXTH CLAIM FOR RELIEF MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" as if the same were more fully set forth at length herein.

57. Defendants arrested and incarcerated plaintiff Philip Williams in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New

York and the New York City Police Department, all under the supervision of ranking officers of said department.

60. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiff Philip Williams of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from unwarranted and malicious criminal prosecution;

   d. Not to have cruel and unusual punishment imposed upon him; and

   e. To receive equal protection under the law.

62. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

WHEREFORE, plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and

Dated: Brooklyn, New York                      Respectfully submitted,
       July 19, 2019

/s/ Craig Stuart Lanza
_____
Craig Stuart Lanza (cl-2452)
16 Court Street, Suite 2506
Brooklyn, N.Y. 11241
Telephone: (347) 556-9795
cslanza@gmail.com
Counsel for Plaintiff